UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID B. GRONINGER,

      Plaintiff,

v.                          Case No.:  8:11-cv-1931-T-33AEP

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 24), filed on June 3, 2013. Plaintiff seeks an award of $5,284.44 in attorney fees. For the reasons that follow, the Court grants the motion.

**A.    Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was

substantially justified or that special circumstances exist and make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

## 1.   **Prevailing Party**

On March 2, 2013, the Court entered an Order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding for further administrative proceedings the Commissioner's decision denying benefits. (Doc. # 22).  On March 4, 2013, the Clerk entered its Judgment in Plaintiff's favor.  (Doc. # 23).  "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  Thus, Plaintiff qualifies as the prevailing party in this action.

### 2.   <u>Timely Application</u>

The EAJA requires a prevailing party to file an application for attorney fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The thirty day clock did not begin to run in this action until this Court's Judgment, entered March 4, 2013 (Doc. # 23), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. <u>See</u> <u>Shalala</u>, 509 U.S. at 302. Because Plaintiff's motion, including an itemized justification for the amount sought, was filed on June 3, 2013, it is found to be timely filed.

### 3.   <u>Claimant's Net Worth</u>

Plaintiff filed an Affidavit in which he states, "At the time this action was begun my net worth was less than two million dollars." (Doc. # 26 at ¶ 2).  The Commissioner does not contest this fact.  Accordingly, the Court finds this requirement to be satisfied.

### 4.   <u>Lack of Substantial Justification</u>

The burden of proving substantial justification is on the government.  <u>Stratton v. Bowen</u>, 827 F.2d 1447, 1450 (11th Cir. 1987).  "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's

position will be deemed not substantially justified." <u>Kimble ex rel. A.G.K. v. Astrue</u>, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5.   **No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B.   **Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $5,284.44 in attorney fees, representing 2.5 hours at an hourly rate of $181.18 for work performed in 2011; 25.3 hours at an hourly rate of $183.61 for work performed in 2012; and 1 hour at an hourly rate of $186.16 for work performed in 2013. (Doc. # 24 at 1).

-4-

The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.   28 U.S.C. § 2412(d)(2)(A).   Here, the Court determines that a statutory cost of living adjustment in the hourly rate is appropriate.  The Commissioner does not oppose Plaintiff's hourly rate of $181.18 for work performed in 2011; $183.61 for work performed in 2012; $186.16 for work performed in 2013.

Plaintiff seeks an award based on a total of 28.8 hours of attorney time.   The Court believes 28.8 hours of attorney time is reasonable in this case.   Therefore, the Court finds the requested fee of $5,284.44 to be a reasonable fee in this case.

C.   **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his

-5-

attorney.   Accordingly, Plaintiff does not request payment of the EAJA fees directly to his counsel at this juncture but instead posits that after the Court grants Plaintiff's motion for attorney fees, the Commissioner will determine whether Plaintiff owes a debt to the government. "If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the government should accept the Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." (Doc. # 24 at 2).   As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 24) is **GRANTED** in the amount of $5,284.44.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-6-